ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HENRY LEE SIMS, JR., *et al* | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CASE NO. 4:14-cv-00045-A |
| KIA MOTORS AMERICA, INC., and KIA MOTORS CORPORATION | § § § § | |
| Defendants. | § | |

## JOINT MOTION TO MODIFY DEADLINES IN COURT'S ORDER SETTING SCHEDULE AND PROVIDING SPECIAL PRETRIAL INSTRUCTIONS

The parties have actively conducted discovery since the inception of this case and have worked professionally and cooperatively throughout discovery. However, given the complexity of the subject matter and the location of the defendants, the discovery process remains incomplete. The parties have also engaged in active and productive settlement negotiations since March 2014. In order to allow the parties to fully focus their time and resources on settlement negotiations and on the completion of discovery, the parties respectfully request that the Court continue the current trial setting for approximately sixty (60) to ninety (90) days and extend the discovery and other trial-related deadlines for a period of sixty (60) to ninety (90) days pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 40.1.

### I. BACKGROUND

This product liability action arises out of an April 28, 2013 crash that involved a 1999 Honda Odyssey and a 2010 Kia Soul. The three rear occupants in the 2010 Kia Soul, including plaintiffs' decedent, Henry Lee Sims, Sr., sustained fatal injuries in a vehicle fire. Plaintiffs subsequently sued Kia Motors America, U.S.A., Inc. (KMA), a Californian corporation, and Kia Motors Corporation (KMC), a Korean corporation, alleging that the fuel system of the Kia Soul, which the Kia Defendants manufactured and distributed, is defective.

On March 6, 2014, the Court entered its Order Setting Schedule and Providing Special Pretrial Instructions (Doc. 44). The parties are presently scheduled to designate expert witnesses by October 31, 2014. The discovery deadline is currently February 9, 2015, and the pretrial conference is set for March 2, 2015. The case is set for trial the week of April 13, 2015.

## II. ARGUMENT

The parties are in the process of conducting complex and substantial discovery in this case. KMC, however, was not a defendant in this lawsuit until April 2014 and began producing records responsive to plaintiffs' discovery in July 2014. Consequently, despite the parties' good-faith efforts, discovery remains outstanding. That process is taking additional time due to language barriers inherent in a case with a Korean defendant and the necessity to obtain appropriate translations of the complex technical materials associated with plaintiffs' claims. For example, a majority of the technical documents related to the subject vehicle's fuel system are written in Korean, requiring the preparation of certified translations. In addition, most of the design and engineering personnel involved in the development of the Kia Soul reside in Korea, meaning that extensive deposition practice will take place overseas. Each of these endeavors involves considerable time and expense for the parties.

While the parties have exchanged thousands of relevant documents in this case and conducted a number of depositions, extensive discovery must yet occur. For instance, in September, plaintiffs noticed their intent to take the depositions of KMA and KMC pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The KMC depositions are in the planning stage but will necessarily involve a multiple-week overseas commitment from all involved counsel. The complex nature of this case will also require all parties to designate multiple experts in order to address the various allegations, and the parties must present those experts for deposition. The parties continue to work together to schedule these depositions as soon as possible. However, it may prove impossible to schedule all of the necessary depositions before the close of discovery given the challenges outlined above. Additionally, it is possible that

further discovery will be required even after the conclusion of these overseas depositions and expert depositions.

An extension of time would also provide the parties sufficient time to continue their settlement negotiations and conserve their clients' resources by avoiding the substantial costs associated with deposition practice in a foreign country.  Within the past seven days, the parties' attorneys met, in-person, and achieved substantial progress towards settlement.  Although the parties have conducted in-person settlement negotiations since the initial Court-ordered settlement conference, no agreement has been reached.  The parties have agreed to participate in a formal mediation by the end of 2014.

Thus, the parties jointly agree that the amount, complexity, and cost of the remaining discovery to be completed and the mutual desirability of focusing on settlement negotiations provide good cause to amend the scheduling order and extend the current trial date.  This motion is therefore made for good cause so that justice may be served and not for purpose of delay.

### III. REQUEST FOR RELIEF

The parties respectfully request that the following deadlines set forth in the Court's Order Setting Schedule and Providing Special Pretrial Instructions be extended approximately sixty (60) to ninety (90) days, as convenient to the Court:

1. Continue the current April 13, 2015 trial setting until on or about July 13, 2015;

2. Continue the current March 2, 2015 pretrial conference setting until on or about June 1, 2015;

3. Extend the deadline to notify the Court of possible use of video or audio recordings at trial until on or about May 26, 2015;

4. Extend the deadline for the completion of discovery until on or about May 11, 2015;

5. Extend the deadline to file any motion for leave to amend pleadings until on or about March 9, 2015; and

6. Extend the deadline for plaintiffs to designate experts until on or about January 30, 2015, and extend the deadline for defendants to designate experts until on or about March 2, 2015.

The parties also request that the Court extend by approximately sixty (60) to ninety (90) days any other deadline in its Order (Doc. 44) that is tied to the pretrial conference date or the trial date. These deadlines include the following:

1. Deadline to file summary judgment motions (currently due at least seventy-five (75) days prior to the scheduled pretrial conference date);

2. Deadline to file any motion other than motions described in items 1 - 3 in the Court's Order (Doc. 44) and motions in limine (currently due at least thirty (30) days prior to the scheduled pretrial conference date);

3. Deadline to present a pretrial order to the Court (currently due three (3) business days prior to the scheduled pretrial conference);

4. Deadline to file with the Clerk (i) a witness list, (ii) an exhibit list, (iii) an agreed summary, accompanied by appropriate page and line references, of portions of each deposition, other than portions to be offered by video, to be offered at trial, and (iv), if set for non-jury trial, proposed findings of fact and conclusions of law, or, if set for jury trial, a proposed jury charge and verdict form (currently due one week prior to the scheduled trial date);

5. Deadline to present disagreements regarding any objections related to testimony to be offered by videotape (currently due at least two weeks prior to the scheduled trial date); and

6. Deadlines for parties and their respective lead counsel to meet face-to-face to discuss settlement (currently due at least ten (10) days before the scheduled pretrial conference and again at least fourteen (14) days prior to the scheduled trial date).

The parties agree to participate in formal mediation no later than December 31, 2014.

The parties request that this motion be considered on an expedited basis, setting this matter for hearing as soon as possible. The deadline for completion of expert discovery is less than thirty days away. The parties need to have an extension of the discovery deadline and trial setting so that discovery may be fully completed before trial. Finally, the parties respectfully request any other relief, at law or in equity, to which they may be justly entitled.


Case 4:14-cv-0004⬤ Document 53 Filed 10/08/14 ⬤ge 5 of 5 PageID 572

Dated: 10/8/14

*[signature]*

**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**CARY A. SLOBIN**
State Bar No. 00797445
cary.slobin@bowmanandbrooke.com
**TANYA B. SCARBROUGH**
State Bar No. 24049268
tanya.scarbrough@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
2501 North Harwood, Suite 1700
Dallas, Texas 75201
Telephone: (972) 616-1700
Facsimile: (972) 616-1701
**COUNSEL FOR DEFENDANTS**

Respectfully submitted,

*[signature]*

**STEVE W. BERMAN** (*pro hac vice*)
WASB No. 12536
steve@hbsslaw.com
**MARTIN D. MCLEAN** (*pro hac vice*)
WASB No. 33269
martym@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

**MARC R. STANLEY**
State Bar No. 19046500
marcstanley@mac.com
**STANLEY LAW GROUP**
3100 Monticello Ave, Suite 770
Dallas, TX 75205
Telephone: (214) 443-4301
Facsimile: (214) 443-0358
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

On October 1, 2014, counsel for Kia Motors America, U.S.A., Inc. and Kia Motors Corporation conferred with counsel for plaintiffs regarding this motion. The motion is not opposed.

*[signature]*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 8th day of October, 2014.

*[signature]*


JOINT MOTION MODIFY DEADLINES IN COURT'S ORDER SETTING SCHEDULE AND
PROVIDING SPECIAL PRETRIAL INSTRUCTIONS    PAGE 5
