# ORIGINAL

FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 DEC 24  PM 2: 07

CLERK OF COURT

| | |
|---|---|
| HENRY LEE SIMS, JR., *et al* § § § | |
| Plaintiffs, § | |
| VS. § | CASE NO. 4:14-cv-00045-A |
| KIA MOTORS AMERICA, INC. and § § KIA MOTORS CORPORATION, § § | |
| Defendants. § | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE COURT:

COME NOW Defendants Kia Motors Corporation and Kia Motors America, Inc. (collectively "the Kia Defendants") in the above-styled and numbered action and file this Brief in Support of Their Motion for Partial Summary Judgment. For such, the Kia Defendants would respectfully show the Court as follows:

### SUMMARY

In Plaintiffs' First Amended Complaint, Shameka Sims and other Plaintiffs bring a wrongful death claim for the death of her grandfather, Henry Lee Sims, Sr. Grandchildren, however, do not have a right of recovery under the Texas Wrongful Death Act. Therefore, summary judgment is proper on Shameka Sims' wrongful death claim.

### SUMMARY-JUDGMENT EVIDENCE

The following materials support the Kia Defendants' Motion for Partial Summary Judgment:

Exhibit A    Plaintiffs' First Amended Complaint for Damages

Exhibit B    Excerpts from the Deposition of Shameka Sims taken 4/22/2014

Exhibit C    Order Granting Defendant's Motion to Transfer

## FACTUAL BACKGROUND

This case arises out of a two-vehicle, multiple-impact collision that occurred on April 28, 2013, in Tarrant County, Texas. At the time of the accident, Henry Lee Sims, Sr., Plaintiffs' decedent, was riding in the left rear passenger seat of a 2010 Kia Soul. When the Kia Soul entered the intersection of Jacksboro Highway and Hanger Cutoff Road, a Honda Odyssey Minivan crashed into its passenger side, causing the Soul to spin and to strike various objects. The Soul ultimately caught fire, and the three rear passengers, including the decedent, sustained fatal injuries. Plaintiffs in this action are relatives of the deceased. Specifically, named Plaintiff Shameka Sims is the daughter of Lizzie Sims, deceased, eldest child of the decedent. *See* Pls.' 1st Am. Compl. for Damages, Ex. A, App. at 6.

## ARGUMENT AND AUTHORITIES

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper where there is no genuine issue of material fact. Fed. R. Civ. P. 56(a). A defendant who seeks summary judgment on a plaintiff's claim may demonstrate the absence of a genuine issue of material fact by submitting summary-judgment evidence that negates the existence of an essential element of plaintiff's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To raise a fact issue, the non-movant must go beyond the pleadings and show, by competent evidence, that there is a genuine factual issue for trial. *See id.*

Plaintiffs must prove the following essential elements to support a claim for wrongful death against the Kia Defendants: (1) Plaintiffs are surviving spouses, parents, or children of the decedent, Henry Lee Sims, Sr.; (2) the Kia Defendants' alleged wrongful acts caused the decedent's death; (3) the decedent would have been entitled to bring an action for his injury had

he lived; and (4) Plaintiffs suffered actual damages. Tex. Civ. Prac. & Rem. Code Ann. §§ 71.002-.004 (West 2014).[1]

Plaintiffs, however, cannot raise a fact issue on at least one of these essential elements—that Plaintiff Shameka Sims has standing to sue. Under Texas law, only a surviving spouse, parent, or child of the decedent may file a claim for wrongful death. *See id.* Plaintiffs' First Amended Complaint asserts, "Shamika [sic] Renee Sims is the maternal granddaughter of Henry Lee Sims, Sr." Pls.' 1st Am. Compl. for Damages, Ex. A, App. at 6. During her deposition, Shameka confirmed that she was the grandchild (not the spouse, parent, or child) of Henry Lee Sims, Sr. *See* Shameka Sims Dep. 12:8, Ex. B, App. at 23. § 71.004 ("An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased."). Because Plaintiffs cannot raise a material fact issue on the element regarding Shameka Sims' familial relationship with the decedent, the Kia Defendants are entitled to summary judgment as a matter of law.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Kia Motors Corporation and Kia Motors America, Inc. respectfully pray that this Motion for Partial Summary Judgment be set for oral hearing and that, upon hearing, the Court grant this Motion for Partial Summary Judgment in its entirety and render judgment that Plaintiffs take nothing by Shameka Sims' wrongful death claim resulting from the death of Henry Lee Sims, Sr. The Kia Defendants further plead for such other relief, both at law and in equity, to which they may show themselves justly entitled.

---

[1] Plaintiffs may argue that California law applies to this action, but given California's choice-of-law rules and Texas' strong interest in the case (as noted by the California Court in its Order Granting Defendant's Motion to Transfer Venue, Ex. C, App. at 29 n.3), Texas law should apply. *Reich v. Purcell*, 432 P.2d 727 (Cal. 1967); *Howe v. Diversified Builders, Inc.*, 69 Cal. Rptr. 56 (Cal. Ct. App. 1968).

Respectfully submitted,

_[signature]_

KURT C. KERN
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
CARY A. SLOBIN
State Bar No. 00797445
cary.slobin@bowmanandbrooke.com
TANYA B. SCARBROUGH
State Bar No. 24049268
tanya.scarbrough@bowmanandbrooke.com
AMANDA R. MCKINZIE
State Bar No. 24088028
amanda.mckinzie@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
2501 North Harwood, Suite 1700
Dallas, Texas 75201
Telephone:   (972) 616-1700
Facsimile:   (972) 616-1701
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 24th day of December, 2014.

_[signature]_