U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 3 2015

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HENRY LEE SIMS, JR., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-045-A |
| | § | |
| KIA MOTORS AMERICA, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the
motion of defendants, Kia Motors Corporation ("KMC") and Kia
Motors America, Inc. ("KMA"), for partial summary judgment,
seeking an adjudication that one of the plaintiffs, Shameka Sims
("Shameka"), has no cause of action as a wrongful death statute
beneficiary arising from the death of her grandfather, Henry Lee
Sims, Sr. ("Henry Sr."). The court has concluded that such
motion should be granted.

I.

Background

This action was filed in August 2013 in the United States
District Court for the Central District of California against KMA
by survivors of Henry Sr., who died as a result of injuries he
suffered in a motor vehicle accident that occurred in Tarrant
County, Texas. Henry Sr. was a Texas resident at the time of his

death.  The plaintiffs are Henry Sr.'s surviving children and Shameka, the daughter of Henry Sr.'s predeceased eldest daughter. All of the plaintiffs reside in the State of Texas.

Henry Sr. was a passenger in a Kia Soul vehicle at the time of the accident.  The plaintiffs alleged that his death was caused by manufacturing, design, assembling, marketing, engineering, and testing defects in that vehicle.  A cause of action for Henry Sr.'s wrongful death, and a survival cause of action to recover damages Henry Sr. would have been entitled to recover had he survived the accident, were alleged on behalf of all plaintiffs.

On the motion of KMA, by order dated January 24, 2014, the California court transferred this action to this court pursuant to the authority of 28 U.S.C. § 1404(a).  The transfer order recited the California court's findings that this action could have been filed in this district and that the convenience of the witnesses and the interests of justice favored transferring the action to this district.  The California court found in the transfer order that the "only apparent connection between Plaintiffs and California is that the party against whom

Plaintiff alleged liability arising out of the accident, [KMA] is a California resident."  Doc. 25 at 3.[1]

On April 3, 2014, plaintiffs filed an amended complaint adding KMC, a Korean corporation headquartered in Seoul, Korea, as an additional defendant, alleging that KMC was actively involved in designing, manufacturing, assembling, marketing, distributing, and selling Kia vehicles throughout the United States.  Wrongful death and survival causes of action were asserted on behalf of all plaintiffs against both defendants in the amended complaint.

## II.

### The Motion for Partial Summary Judgment

On December 24, 2014, KMA and KMC filed a motion for partial summary judgment, asking that the court render judgment that Shameka take nothing by her wrongful death claim for the reason that the wrongful death statute of Texas is applicable and does not contemplate that a deceased person's grandchild qualifies as a wrongful death beneficiary, making reference to sections 71.002 through 71.004 of the Texas Civil Practice and Remedies Code. Defendants note in their supporting brief that "[p]laintiffs may argue that California law applies to this action, but given

---

[1]The "Doc. ___" references are to the numbers assigned to the items appearing on the clerk's docket in this Case No. 4:14-CV-045-A.

3

California's choice-of-law rules and Texas' strong interest in the case (as noted by the California Court in the Order Granting Defendant's Motion to Transfer Venue . . .), Texas law should apply." Doc. 58 at 3 n.1.

Defendants are not seeking a summary adjudication as to Shameka's entitlement to share as an heir of Henry Sr. in whatever recovery there might be as to the survival cause of action.

III.

Analysis

The appearance from the contents of plaintiffs' brief in support of their response in opposition to defendants' motion for partial summary judgment, and the contents of defendants' reply to that response, is that the parties have in mind that they will obtain from the court at this time a broad ruling as to which state's laws, California or Texas, apply to legal issues that are presented by this action. The court does not plan to make such a ruling, but is limiting its choice-of-law ruling to the precise legal issues presented by the motion, that is, which state's laws determine whether Shameka is a wrongful death statute beneficiary entitled to recover in that capacity damages arising from the death of her grandfather, Henry Sr., and whether under that controlling law she has any entitlement to wrongful death statute

4

benefits.  The court has concluded that Texas law controls that
particular issue and that Shameka has no entitlement to wrongful
death statute benefits under Texas law arising from Henry Sr.'s
death.

Under Texas law, Shameka would not be entitled to
participate as a wrongful death statute beneficiary.  Section
71.004(a) of the Texas Civil Practice and Remedies Code provides
that an action to recover wrongful death damages under the Texas
Wrongful Death Statute "is for the exclusive benefit of the
surviving spouse, children, and parents of the deceased."
California law, if it applied, would permit Shameka to
participate in recovery of wrongful death damages.  Section
377.60(a) of the California Code of Civil Procedure provides that
a cause of action for the death of a person caused by the
wrongful act or neglect of another may be asserted by "[t]he
decedent's surviving spouse, domestic partner, children, and the
issue of deceased children  . . . ."

The parties seem to be in agreement that California's
choice-of-law rules will apply to this case inasmuch as it was
filed in California and even though it has since been transferred
to this court in Texas; thus, the court will not devote time to
discussion of that issue.  Nor is the court becoming involved in
resolving the issue as to which law should apply as to KMC, who

was not made a party to this action until after it was
transferred to this court.  Theoretically, a different rule could
be applicable to KMC than is applicable to KMA.

The California Supreme Court has adopted what it calls the
"governmental interest analysis in resolving choice-of-law
issues." <u>Kearney v. Salomon Smith Barney, Inc.</u>, 137 P.3d 914,
922 (Cal. 2006).  The governmental interest approach generally
involves the following three steps:

> First, the court determines whether the relevant law of
> each of the potentially affected jurisdictions with
> regard to the particular issue in question is the same
> or different.  Second, if there is a difference, the
> court examines each jurisdiction's interest in the
> application of its own law under the circumstances of
> the particular case to determine whether a true
> conflict exists.  Third, if the court finds that there
> is a true conflict, it carefully evaluates and compares
> the nature and strength of the interest of each
> jurisdiction in the application of its own law to
> determine which state's interest would be more impaired
> if its policy were subordinated to the policy of the
> other state, and then ultimately applies the law of the
> state whose interest would be the more impaired if its
> law were not applied.

<u>Id.</u> (citation and internal quotation marks omitted).

Applied to the "particular issue" with which the court is
dealing in this opinion, the court has determined, as indicated
above, that the laws of California and Texas are different.
However, going to the second step, the court has concluded that
in this particular case the difference between the laws of

6

California and Texas as to the particular issue in question does not present a true conflict because California has no interest in applying its law concerning wrongful death statute beneficiaries in a case involving residents of Texas, arising from the death of a Texas resident, that occurred by reason of an accident that occurred in the State of Texas. In contrast, Texas does have an interest in applying the law of Texas to the determination of the persons entitled to share in the wrongful death benefits available by reason of the death of a Texas resident occurring in the State of Texas when all of the potential death statute beneficiaries are residents of the State of Texas. When the analysis pursued by the California Supreme Court in <u>Kearney</u> is considered, the conclusion the court reaches is that the California Supreme Court would conclude that Texas law should govern the particular issue under consideration. <u>Id.</u> at 923-925. There is no question but that the interest of Texas would be more impaired than California's if the policy of Texas relative to those who are to share in wrongful death benefits were to be subordinated to the policy of California. <u>Id.</u> at 925. Thus, even if the court were to consider that a true conflict existed, it should be resolved by a decision to apply Texas law on the issue under discussion rather than California law.

For the reasons stated,

The court ORDERS that Texas law is to be applied in determining whether Shameka is a wrongful death statute beneficiary entitled to recovery of damages arising from the death of Henry Sr., and the court ORDERS AND DECLARES that she has no entitlement to recovery of wrongful death benefits in this case.

SIGNED March 13, 2015.

_____
JOHN McBRYDE
United States District Judge