


# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| HENRY LEE SIMS, JR., *et al* | § § § | |
| *Plaintiffs,* | § | |
| VS. | § § | CASE NO. 4:14-cv-00045-A |
| KIA MOTORS AMERICA, INC. and KIA MOTORS CORPORATION, | § § § | |
| *Defendants.* | § § | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' PRIMARY LIABILITY EXPERT'S DEPOSITION BY APRIL 15, 2015, AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE

The parties in this case have been presented with a logjam in the schedule that unfortunately can only be resolved by the Court. The parties are working together to complete all necessary discovery under the current schedule. Kia Motors Corporation (KMC) and Kia Motors America, Inc. (KMA) (collectively, Kia) request the Court's resolution of one question:

> Can one testifying expert's personal schedule delay presentation of the Plaintiffs' case via expert deposition testimony for four months and impede the schedule of other expert depositions?

Kia believes the answer to the question should be no. Kia therefore seeks to compel the deposition of Plaintiffs' liability expert, Jerry Wallingford, to occur by April 15, 2015. While Plaintiffs are agreeing to present their primary liability expert, the sole provided date is on the eve of the discovery deadline. This date is problematic for multiple reasons. First, Kia has been requesting a date for this deposition since January. Plaintiffs had never taken the position their expert must be the last expert presented on the eve of the discovery cutoff until it was the only date he provided to

Plaintiffs' counsel. To the contrary, in discussions amongst the parties, they are willing to depose experts in any order, and on virtually any date. They are willing to set aside attorney conflicts with dates in order to complete the depositions. This is a position they were forced to take only because their expert simply will not provide any other dates between now and the discovery deadline.

Second, it represents a shift in the natural order of burden of proof where the parties with the burden, Plaintiffs, present their liability theories and then Kia presents its defenses. Plaintiffs had agreed to this logic in the recent revision to the scheduling order, which had a month between the designation of Plaintiffs' experts and Kia's experts. Third, the late date allows no time for any response necessitated by the testimony obtained. Kia believes some response may occur because no exhibits whatsoever were attached to the expert's report or listed therein. Fourth, the date is on the exact date which was already proposed for one of the defense experts. Kia, therefore, asks this Court to compel the deposition of Mr. Wallingford and to impose an expedited briefing schedule for this Motion due to the upcoming deadlines.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiffs' Principal Allegation and Liability Expert.

This unfortunate case arises out of a two-vehicle, multiple-impact collision wherein Henry Lee Sims, Sr., Plaintiffs' decedent, was riding in the left rear passenger seat of a 2010 Kia Soul. The Kia Soul was struck in its passenger side by a Honda Odyssey Minivan, causing damage to the Soul and a number of additional collisions which damaged it further. The Soul ultimately caught fire, and three rear passengers, including the decedent, sustained fatal injuries. Plaintiffs' principal allegation is that the

2010 Kia Soul's fuel system is defective. Kia denies any defects exist in the 2010 Kia Soul that resulted in the injuries at issue.

To support their alleged fuel system defect theories, on January 30, 2015, Plaintiffs designated Mr. Jerry Wallingford and an accident reconstructionist, Mike McCord (Doc. 65). Mr. Wallingford's role is to address fuel system design, Plaintiffs' principal defect allegation. Thereafter, on March 2, 2015, Kia designated its experts (Doc. 66). These staggered expert designations where by design and pursuant to an agreement of the parties and subsequent Court order (Doc. 54).

### B.     Kia's Efforts to Obtain Deposition Dates.

There are a total of eight experts between the parties. To avoid the instant Motion, on January 8, 2015, a few weeks before Plaintiffs' experts' designations, Kia began an early effort to obtain deposition dates for Plaintiffs' experts. Thereafter, numerous emails and telephone discussions occurred between counsel on this issue, many of which are briefly summarized below.

- On January 8, 2015, at a 30(b)(6) deposition, Kia's counsel Kurt Kern discussed deposition scheduling with Plaintiffs' counsel Marty Mclean. Mr. Kern requested deposition dates from Plaintiffs' experts no later than mid-April to allow adequate time for the depositions of defense experts in advance of the discovery deadline.

- On February 18, 2015, after Plaintiffs designated their experts, Kia again requested deposition dates for Plaintiffs' experts.

- On February 19, 2015, Plaintiffs' counsel acknowledged the January 8 conversation with Kia's counsel wherein a request was made to depose Plaintiffs' experts no later than mid-April to allow adequate time for discovery.

- On March 3, 2015, Kia again requested dates for Mr. Wallingford on March 6, 10, 11, 12, or 13. Plaintiffs' counsel responded on the same day that they would check with their experts on a March 23, 2015 date and dates in April and/or early May.

- On March 4, 2015, Kia responded to Plaintiffs' counsel to discuss the need for scheduling considering the number of experts in this case and the discovery deadline of May 11, 2015. Kia expressed concern that if Plaintiffs' experts were not deposed until early May, there would be no time to complete Kia's experts' depositions.

- On March 6, 2015, Plaintiffs' counsel indicated Mr. Wallingford has been out of the office. Deposition dates for Mr. Wallingford were not provided.

- On March 9, 2015, Kia was again required to inquire as to potential dates for Mr. Wallingford's deposition. Plaintiffs' counsel responded but dates were not provided. The stated reason was that Mr. Wallingford was traveling to California for work.

- On March 13, 2015, approaching two months from Kia's request to depose Plaintiffs' experts by mid-April, Kia was told that Mr. Wallingford was unavailable before April 15, 2015. Kia was also told Mr. Wallingford will be in trial in April and has four depositions scheduled in March and April.

- On March 17, 2015, Plaintiffs provided one date for Mr. Wallingford of May 8, 2015.

Kia is well aware and understands that conflicts arise. What Kia does not understand is why it took over two months to determine that Mr. Wallingford could not be available for any possible date in March or April.

Mr. Wallingford's testimony list presented in this case seems at odds with the contention he has no availability over a two month period.[1] A cursory review of the list shows his trial appearances are typically only a day, although some are listed for several days.[2] During a ten day span in September 2011, Mr. Wallingford appeared for two depositions and a trial in three separate cases.[3] The testimony list is at odds with a claim that one trial and four depositions are conflicts that prevent any deposition for two months. Kia has offered to depose Mr. Wallingford on a Saturday, to no avail. Plaintiffs' other expert is being presented for deposition on April 2, 2015. Kia was able to gather

---

[1] See Testimony List of J. Wallingford, App. at Pg. 3-6.
[2] See Testimony List of J. Wallingford, App. at Pg. 3-6.
[3] See Testimony List of J. Wallingford, App. at Pg. 5.

dates for all six of its experts and present them in the April and May timeframe to allow compliance with the current case management deadlines. Kia requests the Court's assistance to get some additional dates from Mr. Wallingford.

### C. Kia's Request to Compel Based on the Parties' Understanding and Common Practices.

The Court has the power to compel the deposition of Mr. Wallingford under Federal Rule of Civil Procedure 37.[4] Plaintiffs fully understood Kia's request and intent was that Plaintiffs' experts would be presented, followed by Kia's experts. Plaintiffs raised no objection to this approach until Mr. Wallingford refused to give them a date prior to May 8, 2015. Plaintiffs have the burden of proof and should fully present their allegations before the defense is presented. Numerous hours have gone into the parties' efforts to make their experts available without causing any case delays. To reschedule Kia's proposed experts' deposition will add to these hours. Kia respectfully requests the Court compel Plaintiffs to produce Mr. Wallingford for deposition by April 15, 2015.

### D. Request for Expedited Relief

The discovery deadline in this case is rapidly approaching. If Plaintiffs are permitted the full twenty-one (21) days to respond to this Motion, the dispute will not be resolved in time for effective relief if the Motion is granted. Thus, Kia requests an expedited briefing schedule, such as the following:

1. Plaintiffs' Response time is shortened to five (5) days; and
2. Kia's Reply time is shortened to three (3) days from the date of Plaintiffs' filed Response, if any.

---

[4] Fed. R. Civ. P. 37.

This proposed schedule is reasonable because Plaintiffs are familiar with the dispute at issue.

### III. CONCLUSION

Kia Motors Corporation and Kia Motors America, Inc. respectfully request the Court grant Kia's Motion to Compel and order the deposition of Mr. Wallingford to occur by April 15, 2015. Additionally, given the approaching deadlines in this case, Kia asks this Court to impose an expedited briefing schedule. The Kia Defendants are submitting two related Orders at the time of filing of this Motion. The Kia Defendants further seek any other relief, both in law and equity, to which they may show themselves justly entitled.

Respectfully submitted,

*[signature]*

**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**CARY A. SLOBIN**
State Bar No. 00797445
cary.slobin@bowmanandbrooke.com
**TANYA B. SCARBROUGH**
State Bar No. 24049268
tanya.scarbrough@bowmanandbrooke.com
**AMANDA R. MCKINZIE**
State Bar No. 24088028
amanda.mckinzie@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
2501 North Harwood, Suite 1700
Dallas, Texas 75201
Telephone:   (972) 616-1700
Facsimile:    (972) 616-1701
**COUNSEL FOR KIA MOTORS AMERICA, INC. AND KIA MOTORS CORPORATION**

### CERTIFICATE OF CONFERENCE

Conferences were held on March 9, 13, and 17, 18, 19, 2015, between Kia's counsel, Kurt Kern and Cary Slobin, and Plaintiffs' counsel, Marty McLean to discuss the necessity of an earlier date for Mr. Wallingford. Plaintiffs will not agree to produce Mr. Wallingford before May 8, 2015. Kia's preference is to not further disturb the Court-ordered case management deadlines and proceed with discovery in a timely manner. On March 23, 2015, Kia's counsel requested a meet and confer session on the topic of an expedited briefing schedule. A conference again occurred on March 24, 2015, between Cary Slobin and Plaintiffs' counsel Marty McLean, who indicated Plaintiffs are opposed to the proposed expedited briefing schedule.

*[signature]*

BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' PRIMARY LIABILITY
EXPERT'S DEPOSITION BY APRIL 15, 2015, AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE   PAGE 7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 24th day of March, 2015.

*/s/ signature/*