UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 6 2015
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| HENRY LEE SIMS, JR., *et al* § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| VS. § | CASE NO. 4:14-cv-00045-A |
| § | |
| KIA MOTORS AMERICA, INC. and § | |
| KIA MOTORS CORPORATION, § | |
| § | |
| *Defendants.* § | |

### DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT THEREOF

On April 28, 2013, Henry Sims, Sr. was riding as a passenger in the backseat of a 2010 Kia Soul driven by Beverly Fuller. At approximately 2:00 p.m., the Kia Soul was involved in a collision with a Honda Odyssey driven by Kevin Davis. The Soul ultimately caught fire and the three rear passengers, including Mr. Sims, sustained fatal injuries. The drivers of both vehicles blame each other for causing the accident, but neither driver is a party in this lawsuit. Kia disputes liability and seeks leave to designate both drivers as responsible third parties under § 33.004 of the Texas Civil Practice and Remedies Code because both drivers may have caused or contributed to the harm for which Plaintiffs seek recovery.

### ARGUMENT & AUTHORITIES

**I.    Texas law applies to the particular issue, designation of responsible third parties.**

Texas law should apply to the claims against KMC and KMA. First, the rules regarding which law to apply after a § 1404(a) transfer are irrelevant as to claims against KMC.[1] Plaintiffs sued KMC in the State of Texas, so the laws of Texas should apply to KMC.[2] The Court,

---

[1] *Cf. Van Dusen v. Barrack,* 376 U.S. 612, 644, 84 S. Ct. 805, 823, 11 L. Ed. 2d 945 (1964) (discussing the feasibility of consolidation given the application of Massachusetts law to the lawsuits brought in Massachusetts and of Pennsylvania law to the cases transferred from Pennsylvania under § 1404(a)).
[2] *See* Ex. A, First Am. Compl. for Damages, Doc. 47, App. at 3-7 (adding KMC as a party over two months after the case was transferred to the Northern District of Texas, Fort Worth Division).

therefore, need not engage in a choice-of-law analysis related to any claims or issues involving KMC.

Nonetheless, application of California's choice-of-law rules dictate that Texas law be applied to the claims against both KMC and KMA. California courts apply the governmental-interest analysis in resolving choice-of-law issues.[3] This analysis generally involves three steps.[4] First, the Court determines whether the relevant law of each of the potentially affected jurisdictions is the same or different.[5] Second, if there is a difference, the Court examines the jurisdictions' respective interests to determine which jurisdiction's interests would be more severely impaired if that jurisdiction's laws were not applied in the particular context presented by the case.[6] Third, if the Court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interests of each jurisdiction in the application of its own law to determine which state's interests would be more impaired if its policy were subordinated to the policy of the other state.[7] The Court should apply the law of the state whose interest would be more impaired if its law were not applied.[8]

The relevant law of Texas and California differ in that California, unlike Texas, does not allow a defendant to designate a responsible third party to whom a jury may assign responsibility during trial. But just as California has no interest in applying its law concerning wrongful death statute beneficiaries in this case,[9] California similarly has no interest in preventing the designation of responsible third parties under Texas law. As stated by the Court in its Order granting Kia's motion for summary judgment, this case "involve[s] residents of Texas" and "aris[es] from the death of a Texas resident, that occurred by reason of an accident

---

[3] See, e.g., Kearney v. Salomon Smith Barney, Inc., 137 P.3d 914, 922 (Cal. 2006).
[4] Id.
[5] Id.
[6] Id.
[7] Id.
[8] Id.
[9] Cf. Ex. B, Mem. Op. & Order, Doc. 67, App. at 26.

---

that occurred in the State of Texas."[10] The only connection between Plaintiffs and California is that one party against whom Plaintiffs alleged liability arising out of the accident, KMA, is a California resident.[11] The other party against whom Plaintiffs alleged liability arising out of the accident (that Plaintiffs sued after the case was transferred from California), KMC, is not a California resident.[12] Thus, there is no true conflict because only Texas has an interest in the resolution of this dispute and in having its laws applied.

Even if the Court were to find a true conflict existed, "there is no question but that the interest of Texas would be more impaired than California's" if the policy of Texas relative to the responsible third party designation were subordinated to the policy of California.[13] The purpose of the responsible third party device is to reduce the likelihood that a defendant would be found jointly and severally liable by allowing a jury to allocate fault to an individual or entity who is not a party to the lawsuit but who caused or contributed to the alleged harm.[14] As fully briefed in Kia's motion for summary judgment reply, Texas has a significant interest in shielding out-of-state businesses conducting business within state borders from excessive liability.[15] Thus, Texas law should apply to this issue because its interests would be more impaired than California's if Texas' laws were not applied.[16]

---

[10] *Id.*; *accord* Ex. A, First Am. Compl. for Damages, Doc. 47, App. at 5-6, 13-14.
[11] Ex. B, Mem. Op. & Order, Doc. 67, App. at 21-22 (quoting Order Granting Def.'s Mot. to Transfer, Doc. 24 at 3).
[12] *See* Ex. G, KMC's Original Answer to Pls.' First Am. Compl., Doc. 52, App. at 77.
[13] *Cf.* Ex. B, Mem. Op. & Order, Doc. 67, App. at 26; *see also Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012); *McCann v. Foster Wheeler LLC*, 225 P.3d 516 (Cal. 2010); *Offshore Rental Co. v. Cont'l Oil Co.*, 583 P.2d 721 (Cal. 1978).
[14] *See Ream v. Biomet, Inc.*, No. SA-10-CA-525-H, 2012 WL 5245292, at *5 (W.D. Tex. Jan. 26, 2012) (citing House State Affairs Committee, 4/4/95, Tape 2).
[15] Plaintiffs do not agree Texas law applies to issues in this case. The Kia Defendants herein incorporate the arguments set forth in their motion for summary judgment reply related to the application of Texas' laws to the claims and issues in this case. Ex. C, Defs.' Reply to Pls.' Resp. to Defs.' Mot. for Partial Summ. J., Doc. 64, App. at 34-48; *see also Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012); *McCann v. Foster Wheeler LLC*, 225 P.3d 516 (Cal. 2010); *Offshore Rental Co. v. Cont'l Oil Co.*, 583 P.2d 721 (Cal. 1978).
[16] *See Kearney*, 137 P.3d at 922.

II.  **Under Texas law, Kevin Davis and Beverly Ann Fuller must be designated as responsible third parties**

A.  **This Court's jurisdiction is not affected by this motion for leave to designate responsible third parties.**

This Court's jurisdiction under 28 U.S.C. § 1332 is not affected by this motion for leave to designate responsible third parties because a responsible third party is not joined as an actual party to the suit. Instead, this designation allows the trier of fact to assess the designated person's responsibility without such responsible third party incurring any liability.[17]

B.  **Kia's motion for leave to designate responsible third parties is timely.**

A motion for leave to designate responsible third parties must be filed prior to the 60th day before trial commences.[18] Trial is set for trial on July 13, 2015. Therefore, this motion is timely.

C.  **Kevin Davis and/or Beverly fuller caused or contributed to causing the harm for which recovery of damages is sought.**

Pursuant to § 33.004(a) of the Texas Civil Practice & Remedies Code, Kia moves for leave to designate Kevin Davis and Beverly Fuller as responsible third parties.[19] A responsible third party is a person who is alleged to have caused or contributed to causing, *in any way*, whether by negligent act or omission or by other conduct or activity that violates an applicable legal standard, the harm for which recovery of damages is sought.[20] According to § 33.004(g), a court shall grant leave to designate the named person as a responsible third party if a party pleads sufficient facts concerning the alleged responsibility of the third party.

Kevin Davis, the driver of the Honda Odyssey, and Beverly Fuller, the driver of the Kia Soul, may have caused or contributed to the harm for which Plaintiffs seek recovery. In Kevin Davis' police statement, he asserted that he travelled into the intersection because the traffic

---

[17] *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(b), (i).
[18] Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a) (West 2013).
[19] "Section 33.004 is substantive in nature, and is not a mere procedural joinder rule, with the consequence that it is to be given effect in an action pending in federal court." *Webber, LLC v. Symons Corp.*, No. 4:12-CV-181-A, 2013 WL 3356291, at *2 (N.D. Tex. July 3, 2013).
[20] Tex. Civ. Prac. & Rem. Code Ann. § 33.011(6) (West 2013).

light appeared green.[21] Beverly Fuller, in contrast, averred in her police statement that she had the green light.[22] Thus, according to both drivers, the other driver ran a red light, causing or contributing to the harm for which Plaintiffs seek recovery. Consequently, in Defendants' Answers, KMC and KMA alleged that Plaintiffs' injuries and damages were caused, in whole or in part, by the negligence of Kevin Davis and Beverly Fuller, "who failed to use that degree of care and caution as would have been used by a reasonably prudent person under the same or similar circumstances."[23] Because sufficient facts have been pled concerning the responsibility of Kevin Davis and Beverly Fuller, the motion should be granted.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Kia Motors America, Inc. and Kia Motors Corporation respectfully request for leave to designate Kevin Davis and Beverly Fuller as responsible third parties and, for such further relief, both at law and in equity, to which Defendants may show themselves to be justly entitled.

---

[21] *See* Ex. D, Police Statement of Kevin Davis, App. at 51.
[22] *See* Ex. E, Police Statement of Beverly Fuller, App. at 52.
[23] *See* Ex. F, KMA's Original Answer to Pls.' First Am. Compl., Doc. 51, App. at 70-71; Ex. G, KMC's Original Answer to Pls.' First Am. Compl., Doc. 52, App. at 89.

Respectfully submitted,

*[signature]*

**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**CARY A. SLOBIN**
State Bar No. 00797445
cary.slobin@bowmanandbrooke.com
**TANYA B. SCARBROUGH**
State Bar No. 24049268
tanya.scarbrough@bowmanandbrooke.com
**AMANDA R. MCKINZIE**
State Bar No. 24088028
amanda.mckinzie@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
2501 North Harwood, Suite 1700
Dallas, Texas 75201
Telephone:   (972) 616-1700
Facsimile:   (972) 616-1701
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

This is to certify that in August 2014 and again on April 3, 2015, I conferred with Plaintiffs' counsel, Marty McLean, regarding Kia's motion for leave to designate responsible third parties. Plaintiffs are opposed to this motion, in part, because they want to depose one of Kia's experts before it is filed. Kia does not believe that timing should have any effect on this motion.

*[signature]*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 6th day of April, 2015.

*[signature]*