ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 1 6 2015

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| HENRY LEE SIMS, JR., *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | CASE NO. 4:14-cv-00045-A |
| | § | |
| KIA MOTORS AMERICA, INC. and | § | |
| KIA MOTORS CORPORATION, | § | |
| | § | |
| *Defendants.* | § | |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES

Defendants seek permission to designate Ms. Beverly Fuller and Mr. Kevin Davis as "Responsible Third Parties" pursuant to § 33.004 of the Texas Civil Practice and Remedies Code.[1]  Specifically, defendants allege that Ms. Fuller and/or Mr. Davis is responsible for plaintiffs' injuries.

### ARGUMENT AND AUTHORITIES

**1.     California Law governs the issue of damages**

Plaintiffs' acknowledge that Defendants' present motion involves the same legal question before this Court when it granted Defendants' Motion for Partial Summary Judgment re: Claims of Shameka Sims.  *See* Dkt. No. 67. Specifically, whether California or Texas law governs defendants' attempt to assign fault to Ms. Fuller and Mr. Davis, two non-parties.  As with defendants' motion for summary judgment, the parties tend to agree that California's "government interest" provides the analytic framework that will resolve this question.[2]

Plaintiffs acknowledge that the last time this court was called upon to apply California's choice-of-law analysis, it rejected plaintiffs' arguments.  However, plaintiffs are not asking the

---

[1]In the interests of brevity, plaintiffs will not rehash the factual background relating to their claims as defendants' recitation of the facts is sufficient for purposes of the present motion.

[2]Defendants' contention that Texas law applies to Defendant KMC because that entity was not made a defendant until after this case was transferred from California to Texas is addressed below.

Court to reconsider the analysis it employed previously. On the contrary, plaintiffs believe the Court's prior analysis underscores why defendants' request to diminish their damages by applying Texas law is inappropriate.

When granting defendants' motion for partial summary judgment, this Court found persuasive the reasoning of the California Supreme Court in *Kerney v. Salomon Smith Barney, Inc.*, 137 P.3d 914 (Cal. 2006). As this court's Memorandum Opinion and Order reflect:

> When the analysis pursued by the California Supreme Court in <u>Kearney</u> is considered, the conclusion the court reaches is that the California Supreme Court would conclude that Texas law should govern the particular issue under consideration.

See Dkt. No. 67, p. 7. [internal citations omitted], Pls' App. A, p. 10.

As explained in *Kearney*, California law looks to the local law <u>where the defendant</u> resides when considering limitations on damages:

> [i]t is important ... to recognize the three distinct aspects of a cause of action for wrongful death: (1) compensation for survivors, (2) deterrence of conduct and (3) limitation, or lack thereof, upon the damages recoverable. *Reich v. Purcell* recognizes that all three aspects are primarily local in character. The first aspect, insofar as *plaintiffs* are concerned, reflects the state's interest in providing for compensation and in determining the distribution of the proceeds, said interest extending only to local decedents and local beneficiaries ...; the second, insofar as *defendants* are concerned, reflects the state's interest in deterring conduct, said interest extending to all persons present within its borders; the third, insofar as *defendants* are concerned, reflects the state's interest in protecting resident defendants from excessive financial burdens. In making a choice of law, these three aspects of wrongful death must be carefully separated.

*Kearney*, 137 P.3d at 924. [Emphases in original].

*Reich v. Purcell* demonstrates that defendants' assertion that Texas law applies to limitations on damages is erroneous. In *Reich*, the California Supreme Court rejected a defendant's request that it apply the law of a competing state (Missouri) where the motor vehicle collision occurred and where the plaintiffs' damages would have been limited. 67 Cal. 2d 551, 556 (1967). The *Reich* court declined to apply Missouri law by finding that no conflict existed

_because there were no Missouri defendants and so Missouri had no interest in seeing its_
_damages limitations applied to the case_. _Id._

The California Supreme Court later addressed the precise question now before this Court: whether to apply a foreign jurisdiction's damages limitations when none of the defendants are residents of the foreign jurisdiction. _See Hurtado v. Superior Ct. of Sacramento Cnty._, 11 Cal. 3d 574 (1974). In _Hurtado_, plaintiffs were the surviving family of a man killed in an automobile collision. _Id._ at 578. The decedent-plaintiff and his family were all residents of the State of Zacatecas, Mexico. _Id._ Defendants were residents of California. _Id._ The issue in _Hurtado_ was whether the measure of damages applicable to plaintiffs' claims should be those provided by Mexican law, or those allowed under California law. _Id._ at 579.

The California Supreme Court in _Hurtado_ held that under California law, foreign states are deemed to have **no interest** in limiting the recovery of their own residents in situations where the tortfeasors are not also residents of the foreign jurisdiction:

> The interest of a state in a tort rule limiting damages for wrongful death is to protect defendants from excessive financial burdens or exaggerated claims … Since it is the plaintiffs and not the defendants who are the Mexican residents in this case, Mexico has no interest in applying its limitation of damages – Mexico has no defendant residents to protect and has no interest in denying full recovery to its residents injured by non-Mexican defendants.

_Id._ at 580-81.

The California Supreme Court concluded that California law should therefore apply:

> Since, as we have previously explained, Mexico has no interest whatsoever in the application of its limitation of damages rule to the instant case, we conclude that the trial court correctly chose California law.

_Id._ at 581-82.

California law, as interpreted by _Kearney_, _Reich_ and _Hurtado_, is crystal clear that Texas has no interest in limiting the Texas Plaintiffs' recovery in this action, because there are no Texas defendants. _See also Marsh v. Burrell_, 805 F. Supp. 1493, 1498 (N.D. Cal. 1992).

("[F]oreign states are generally presumed to have absolutely no interest in reducing recovery by their residents against non-resident tortfeasors.").

Even if the Court were to conclude that Texas has a interest in limiting the damages recoverable, California law dictates that California's interest in policing the conduct of domestic corporations is greater than Texas interest in protecting _non-resident defendants_ from excessive damages.[3]

It is beyond dispute that both Defendant KMA and Defendant KMC have enjoyed the benefits of conducting business in the State of California. California serves as the focal point for the business operations for both entities throughout the United States. Euisun Chung, the President of Defendant KMC, has stated that their California facilities would operate as the "control center" for all of Kia's U.S. operations:

> This new corporate headquarter facility will serve as the control center for our US operations that will soon cover the entire business cycle-from R&D and production to marketing, sales and after service, thereby enabling us to better serve our growing base of US Customers.

See Pls.' App. B, p. 13.

California law has a strong interest in policing corporate conduct occurring within its borders, including when the victims of such conduct are out-of-state residents harmed by defective automobiles. *See Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 589 (C.D. Cal. 2008). This policy would be completely compromised by applying Texas law to limit the liability of defendants' damages by applying the law of another state.

Under the comparative impairment analysis prong of the government interest test, once plaintiffs identify significant contacts with California, the burden shifts to defendant to show that the laws of another state should apply. This burden is considered "substantial" under California law when a defendant is located in California and the alleged misconduct occurred in or

---

[3] One of the "three distinct aspects of a cause of action for wrongful death" deemed to be "local" in nature by the California Supreme Court in *Kearney* was the deterrence of conduct on the part of resident defendants. *See Kearney*, 137 P.3d at 924.

emanated from California. *See In re Activision Sec. Litig.*, 621 F. Supp. 415, 430 (N.D. Cal.

1985).  When the alleged wrongdoing "emanates" from California, California's laws "may

properly apply to benefit nonresident plaintiffs when their home states have no identifiable

interest in denying such persons full recovery." *Wershba v. Apple Computer, Inc.,* 91 Cal. App.

4th 224 (2001)(quoting *Clothesrigger, Inc. v. GTE Corp.,* 191 Cal. App. 3d 605, 612-16

(1987))(trial court "erred in stating that California has no interest in providing nonresident

plaintiffs greater protection than their home state provides").

     Under California law, Texas has no interest in limiting plaintiffs' damages when there are

no defendants residing in the State of Texas.  Even if an interest were conjured, it would be

insubstantial compared to California's interest in deterring corporate wrongdoing occurring or

emanating from within its borders.  *See Kearney*, 137 P.3d at 924.  Consequently, Defendants'

request to designate Ms. Fuller and Mr. Davis as responsible third parties under Texas law must

be denied.

     **2.**    **California's choice-of-law analysis applies to Defendant KMC**

     Defendants' motion contends that "the rules regarding which law to apply after a

§1404(a) transfer are irrelevant as to claims against KMC." Dkt. No. 74, p. 1.  Defendants cite

to *Van Dusen v. Barrack,* 376 U.S. 612 (1964), in support of their argument.  Defendants'

argument is based upon the fact that Defendant KMC was made a defendant to this litigation

after its transfer from the State of California.

     Defendants' argument flies in the face of decades of well-settled precedent holding that

even after a case is transferred, the law of the forum where the case was originally filed

continues to govern:

> We do conclude, however, that the District Court in assuming that
> the transferee court would be free to determine which State's laws
> were to be applied, overlooked or did not adequately consider
> several criteria or factors the relevance of which is made more

apparent when it is recognized that *even after transfer the laws of the transferor State will continue to apply.*[4]

*Van Dusen*, 376 U.S. at 644.

For the past fifty years, the Supreme Court has held that the law of the state from which the case was transferred continues to apply even after a defendant's request to transfer is granted:

> We conclude, therefore, that in cases such as the present, where the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms.

*Id.* at 638-39; *accord Bott v. American Hydrocarbon Corp.*, 441 F.2d 896 (5th Cir. 1971); *Ellis v. Great Southwest Corp.*, 646 F.2d 1099 (5th Cir. 1981); *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008). In 1990, the Supreme Court restated the rule thusly: "To allow the transfer and at the same time preserve the plaintiff's state-law advantages, we held that the choice-of-law rules should not change following a transfer initiated by a defendant." See *Ferens v. John Deere Co.*, 494 U.S. 516, 524-525. (1990).

Defendants do not offer <u>any</u> legal authority supporting their claim that *Van Dusen* and its progeny should be ignored for purposes of a later-joined defendant such as Defendant KMC. Moreover, as defense counsel knows full-well, plaintiffs attempted to join Defendant KMC while this action as still pending in California. In fact, the parties filed a Joint Stipulation to File First Amended Complaint allowing plaintiffs to name Defendant KMC as an additional defendant <u>before</u> the case was transferred to Texas. *See* Pls.' App. C, pp. 15-40. (filed January 22, 2014). There is no question that Defendant KMC would have been made a defendant while the case was pending in California but for the Order of transfer. Consequently, the long-followed rule that the transfer results in "but a change of courtrooms" continues to apply to Defendant KMC.

---

[4] This quotation was taken from the precise section of the *Van Dusen* opinion that Defendants' cite as supportive of their argument.

## CONCLUSION

As held in *Kearney*, *Reich* and *Hurtado*, Defendants' Motion for Leave to Designate Responsible Third Parties under Texas law should be denied because California law applies to the measure of damages available in this case.


Respectfully submitted,



**STEVE W. BERMAN** (*pro hac vice*)
WASB No. 12536
steve@hbsslaw.com
**MARTIN D. MCLEAN** (*pro hac vice*)
WASB No. 33269
martym@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone:     (206) 623-7292
Facsimile:     (206) 623-0594

**MARC R. STANLEY**
State Bar No. 19046500
marcstanley@mac.com

**STANLEY LAW GROUP**
6116 N. Central Expressway
Suite 1500
Dallas, TX  75206
Telephone:     (214) 443-4301
Facsimile:     (214) 443-0358


**COUNSEL FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this _15_th day of April, 2015.