CT J TC
ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 23 2015
CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HENRY LEE SIMS, JR., et al | § | |
| Plaintiffs, | § § § | |
| VS. | § | CASE NO. 4:14-cv-00045-A |
| KIA MOTORS AMERICA, INC., and KIA MOTORS CORPORATION | § § § | |
| Defendants. | § § | |

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES

Before the Court is a motion that would allow the jury to appropriately apportion the fault of two Texas residents for causing the subject accident and the resulting injuries of other Texas residents. The Court should rule consistent with its prior ruling applying Texas law and apply Texas law to the instant issue.[1] Texas has the predominate interest in deterring wrongful conduct within its borders and in protecting out-of-state companies from excessive litigation. California has no interest in the application of its law in this case, and plaintiffs' response raises no basis for the Court to rule otherwise.[2] Thus, KMC and KMA must be permitted to designate Kevin Davis and Beverly Fuller as responsible third parties so the jury can consider the fault of these individuals.

---

[1] See Defs.' App. in Support of Defs.' Mot. for Leave to Designate Responsible Third Parties, Doc. 75 at 27 [hereinafter Defs.' App.]. As this Court correctly noted in its Order Granting Defendants' Partial Motion for Summary Judgment, "[t]heoretically, a different rule could be applicable to KMC than is applicable to KMA" because KMC was not made a party to this action until after the action was transferred to Texas. Id. at 24-25. Defendants agree, but regardless of which analysis the Court employs for this particular issue, the outcome is the same—Texas law applies to KMC.

[2] Compare Pls.' Brief in Support of Resp. in Opposition to Defs.' Mot. for Partial Summ. J., Doc. 62 at 13-18, with Pls.' Resp. in Opposition to Defs.' Mot. for Leave to Designate Responsible Third Parties, Doc. 77 at 1-5 [hereinafter Pls.' Resp.].

## Argument & Authorities

**I.    Texas law should apply because there is no true conflict between Texas and California law, and even if a conflict exists, Texas has the predominate interest in having its law applied.**

    **A.    Texas has a valid interest in limiting the recovery of its residents and shielding out-of-state businesses from excessive litigation.**

In their response, plaintiffs misleadingly state, "California law . . . is crystal clear that Texas has no interest in limiting the Texas plaintiffs' recovery in this action, because there are no Texas defendants."[3]  This categorical statement disregards California Supreme Court precedent establishing that, in cases involving out-of-state commercial entities as defendants, **the residence of the defendant is not determinative.**[4] Instead of eliminating a state's interest in limiting liability (as plaintiffs argue), the presence of out-of-state commercial entities provides a state with the additional interest of encouraging economic growth by limiting excessive liability.[5]

As the Ninth Circuit has recognized, achieving the optimal balance between protecting consumers and attracting foreign businesses, with resulting increase in commerce and jobs, is a decision properly to be made by the legislatures and courts of each state.[6] Accordingly, the California Supreme Court recently reiterated that each state has an interest in setting the appropriate level of liability for companies—including non-resident companies—conducting business within its territory.[7]  Each state (here, Texas) also has an interest in being able to assure entities that applicable liability limitations set forth in the jurisdiction's law will be available to those businesses in the event they are faced with litigation.[8]

---

[3] Pls.' Resp., Doc. 77 at 3.
[4] See Offshore Rental Co. v. Cont'l Oil Co., 148 Cal. Rptr. 867, 874, 583 P.2d 721 (Cal. 1978).
[5] See id.
[6] Mazza v. Am. Honda Motor Co., 666 F.3d 581, 592 (9th Cir. 2012).
[7] See McCann v. Foster Wheeler LLC, 225 P.3d 516, 520 (Cal. 2010); Mazza, 666 F.3d at 592.
[8] Mazza, 666 F.3d at 592-93.

Texas has created such limitations on liability for out-of-state businesses faced with litigation in Texas. Specifically, Texas has created the responsible third party device in order to reduce the likelihood that a defendant would be found jointly and severally liable by allowing a jury to allocate fault to an individual or entity who is not a party to the lawsuit but who caused or contributed to the harm.[9] Texas has a "vital interest" in being able to assure businesses that the liability limitations devices Texas has implemented to limit excessive litigation, such as the third party designation, will apply to them when faced with litigation in this state.[10]

Plaintiffs' reliance on cases such as *Hurtado* and *Reich* to argue that this Court should look to the local law where the defendant resides when considering limitations on damages is misplaced. Both *Hurtado* and *Reich* concerned automobile accidents that involved private individuals.[11] Because no commercial entities were involved, the state's interest in regulating out-of-state commercial entities and limiting their potential liability was not at issue.[12] Indeed, the California Supreme Court has distinguished cases such as *Hurtado* and *Reich* from cases involving commercial entities on this very basis and has established that states have an interest in protecting out-of-state companies from excessive litigation.[13] Thus, if California law were applied, Texas' interest in fostering commerce would be impaired.[14]

### B. As the place of the wrong, Texas has a predominate interest in deterring wrongful conduct.

Plaintiffs argue that because the alleged wrongdoing "emanate[d]" from California, California has an interest in deterring wrongful conduct within its borders.[15] Plaintiffs' claims in

---

[9] Defs.' Mot. for Leave to Designate Responsible Third Parties & Brief in Support, Doc. 74 at 3 (citing *Ream v. Biomet*, No. SA-10-CA-525-H, 2012 WL 5245292, at *5 (W.D. Tex. Jan. 26, 2012)).
[10] See *Offshore Rental Co.*, 148 Cal. Rptr. at 874.
[11] *McCann*, 225 P.3d at 531.
[12] *Id.*
[13] *Id.*
[14] See *Mazza*, 666 F.3d at 593.
[15] Plfs.' Brief in Opposition to Defs.' Mot. for Leave to Designate Responsible Third Parties, Doc. 77 at 5.

this lawsuit are based on alleged design defects of the Kia Soul's fuel tank system.[16] Decisions regarding the development, design, and testing of the Kia Soul were made in Korea.[17] Moreover, the vehicle was purchased in Texas by a Texas resident.[18] Further, plaintiffs are all Texas residents.[19] Finally, Beverly Fuller and Kevin Davis, the proposed responsible third parties, are also Texas residents.[20] Thus, plaintiffs argument fails because no alleged wrongdoing "emanated" from California.

Regardless, Texas has the predominate interest in the application of its laws and deterring wrongful conduct within its borders because it is the "place of the wrong" in this case. In products liability cases such as this, the place where the plaintiff was injured is considered the place of the wrongful conduct.[21] Thus, California courts have rejected arguments (like plaintiffs') that the place of the wrong is the location where a corporation conducts business or has its headquarters.[22] Contrary to plaintiffs' argument then, the place of the wrong in this case is Texas because Texas is where plaintiffs were allegedly injured.[23] Therefore, Texas—not California—has the predominate interest in this case in deterring wrongful conduct that occurs within its borders and on its roadways. Indeed, in his Order Granting KMA's Transfer, Judge Carney recognized, "Texas's interest in vindicating the rights of its citizens with respect to claims arising out of conduct that allegedly caused a fatality within its borders is significant."[24]

---

[16] See Defs.' App., Doc. 75 at 7-13.
[17] See id. at 77.
[18] See Defs.' Reply to Pls.' Resp. to Defs.' Mot. for Partial Summ. J., Doc. 64 at 9.
[19] See Defs.' App., Doc. 75 at 5-6.
[20] See id. at 51-52.
[21] See, e.g., Hill v. Novartis Pharm. Corp., No. 1:06–cv–00939–AWI–DLB, 2012 WL 967577, at *7 (E.D. Cal. Mar. 21, 2012).
[22] See, e.g., id.; Mazza, 666 F.3d at 593-94; Cortez v. Global Ground Support, LLC, No. 09-4138 SC, 2010 WL 5173861, at *3-4 (N.D. Cal. Dec. 15, 2010).
[23] See Defs.' App., Doc. 75 at 13-14.
[24] Order Granting Def.'s Mot. Transfer, Doc. 25 at 5-6.

## Conclusion

Texas law should apply because there is no true conflict between Texas and California law. Even if the Court were to determine a true conflict exists, Texas' interests would be significantly impaired if California law applied. First, application of California law would eliminate Texas' ability to protect Texas residents from conduct that it has determined to be wrongful. Second, it would undercut Texas' efforts to encourage economic growth by limiting excessive liability. Thus, Texas' responsible third party designation rule should apply in this case to KMC and KMA, and Kevin Davis and Beverly Fuller must consequently be named as responsible third parties.

Respectfully submitted,

*/s/ Tanya B. Scarbrough*

**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**CARY A. SLOBIN**
State Bar No. 00797445
cary.slobin@bowmanandbrooke.com
**TANYA B. SCARBROUGH**
State Bar No. 24049268
tanya.scarbrough@bowmanandbrooke.com
**AMANDA R. MCKINZIE**
State Bar No. 24088028
amanda.mckinzie@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
2501 North Harwood, Suite 1700
Dallas, Texas 75201
Telephone:   (972) 616-1700
Facsimile:   (972) 616-1701
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 23rd day of April, 2015.

*[signature]*