IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 27 2015
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| HENRY LEE SIMS, JR., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-045-A |
| | § | |
| KIA MOTORS AMERICA, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

ORDER

Came on for consideration the motion of defendants, Kia Motors America, Inc., and Kia Motors Corporation, for leave to designate responsible third parties. The court, having considered the motion, the response of plaintiffs, the record, and applicable authorities, finds that the motion should be granted.

As explained in the court's memorandum opinion and order of March 13, 2015, this case was transferred to this court from the Central District of California. Accordingly, California's choice of law rules apply. Applying the governmental interest approach adopted by the California Supreme Court in <u>Kearney v. Salomon Smith Barney, Inc.</u>, 137 P.3d 914, 922 (Cal. 2006), the court is satisfied that Texas law should govern the issue of designation of responsible third parties.

First, the relevant laws of California and Texas differ in that Texas allows the designation of a responsible third party to

whom a jury may assign responsibility at trial. Second, examining each state's interest in applying its own law, the court is satisfied that California has no interest in applying its law concerning responsible third parties. As the court has previously noted, this case involves residents of Texas involved in an accident that occurred in Texas. Further, Texas has an interest in setting the appropriate level of liability for corporations conducting business within its territory. Mazza v. Am. Honda Motor Co., 666 F.3d 581, 592 (9th Cir. 2012). "California recognizes that 'with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest.'" Id. at 593. Moreover, each state has an interest in having its laws applied to its resident claimants. Id. at 591-92. Thus, Texas has the predominant interest. Since there is no true conflict between the interests of California and Texas with regard to liability in this case, Texas law applies.

The court ORDERS that Texas law is to be applied in determining designation of responsible third parties; the motion for leave to designate responsible third parties be, and is hereby, granted; and, defendants be, and are hereby, granted

leave to designate the drivers of the vehicles involved in the incident giving rise to this suit as responsible third parties.

SIGNED April 27, 2015.

_____
JOHN McBRYDE
United States District Judge