IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| HENRY LEE SIMS, JR., ET AL., § § Plaintiffs, § § VS. § KIA MOTORS AMERICA, INC., § ET AL., § § Defendants. § | NO. 4:14-CV-045-A |

ORDER

Came on for consideration the motion of defendants, Kia Motors America, Inc., and Kia Motors Corporation, for application of Texas law to all claims. The court, having considered the motion, the response of plaintiffs, the record, and applicable authorities, finds that the motion should be granted.

As explained in the court's memorandum opinion and order of March 13, 2015, this case was transferred to this court from the Central District of California. Accordingly, California's choice of law rules apply. Applying the governmental interest approach adopted by the California Supreme Court in Kearney v. Salomon Smith Barney, Inc., 137 P.3d 914, 922 (Cal. 2006), the court is satisfied that Texas law should govern the issues remaining in this action.

As previously noted, this case involves residents of Texas involved in an accident that occurred in Texas. Further, Texas

has an interest in setting the appropriate level of liability for corporations conducting business within its territory. Mazza v. Am. Honda Motor Co., 666 F.3d 581, 592 (9th Cir. 2012). "California recognizes that 'with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest.'" Id. at 593. Moreover, each state has an interest in having its laws applied to its resident claimants. Id. at 591-92. Thus, Texas has the predominant interest.

Plaintiffs do not dispute defendants' analysis of any of the issues to be determined in this action. They simply argue that Texas has no interest in limiting the recovery of its residents from a non-resident defendant. They overlook that Texas law regarding responsible third parties applies; that the persons driving the vehicles at issue here were both Texas residents; and that the accident took place in Texas. There is no nexus to California other than the fortuity that one of the defendants is a citizen of California. The court finds that Texas' interest would be more impaired by the subordination of its interests to the policy of California in this case. See Kearney, 137 P.3d at 925.

The court ORDERS that defendants' motion for application of Texas to all claims be, and is hereby, granted and that Texas law

is to be applied in determining the remaining issues in this action.

    SIGNED May 26, 2015.

                                          _____
                                          JOHN McBRYDE
                                          United States District Judge