

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HENRY LEE SIMS, JR., *et al* | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | CASE NO. 4:14-cv-00045-A |
| | § | |
| KIA MOTORS AMERICA, INC., and | § | |
| KIA MOTORS CORPORATION | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS AND ALL ISSUES

Defendants are entitled to summary judgment on all of Plaintiffs' claims because Plaintiffs have no supporting expert testimony as required by Texas law. Plaintiffs assert product liability claims against Defendants based on the allegedly defective design of a 2010 Kia Soul. Under Texas law, a plaintiff is required to support product liability claims—irrespective of the theory of recovery—with expert testimony when the defect at issue falls outside of the general experience and common knowledge of a lay juror. The Texas Supreme Court has repeatedly held that this requirement of expert testimony specifically applies to automotive product liability cases such as this one. Plaintiffs' sole liability expert has been excluded, and now Plaintiffs have no expert support for their product liability claims. Without this requisite expert testimony, Plaintiffs' product liability claims fail as a matter of law.

## I.
## BACKGROUND

On April 28, 2013, Henry Sims, Sr. was riding as a passenger in the backseat of a 2010 Kia Soul. When the Kia Soul entered the intersection of Jacksboro Highway and Hanger Cutoff Road, a Honda Odyssey Minivan crashed into its passenger side, causing the Soul to spin and to

strike various objects, including a traffic light pole and the anchored pipe and base of a breakaway yield sign.

When the fuel tank contacted the yield sign base and pipe, the sign base cut through the Soul's fuel tank.  The Soul ultimately caught fire, and the three rear passengers, including Mr. Sims, sustained fatal injuries.  Plaintiffs subsequently filed their complaint against Kia Motors America, Inc. and, later, Kia Motors Corporation, alleging the Kia Soul was defective and unreasonably dangerous.

## II.
## ARGUMENTS AND AUTHORITIES

### A.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."[1]  Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[2]  The nonmoving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.[3]  When federal jurisdiction is based on diversity of citizenship, as in this case, a federal court applies the substantive law of the forum state in which it is sitting; therefore, Texas substantive law applies to this action.[4]

---

[1] Fed. R. Civ. P. 56(a).
[2] *Celotex Corp. v. Cattret*, 477 U.S. 317, 322 (1986); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990).
[3] *Celotex*, 477 U.S. at 324.
[4] *See, e.g.*, *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

**B.    Plaintiffs' claims all fall under the definition of "products liability action" under § 82.001 of the Texas Civil Practice and Remedies Code.**

Every allegation asserted against Defendants falls under the definition of "[p]roducts liability action" under Chapter 82, Section 82.001 of the Texas Civil Practice and Remedies Code. "Products liability action" means "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories."[5] Specifically, Plaintiffs' claim Mr. Sims's injuries are caused by the allegedly defective design of the 2010 Kia Soul.[6] As such, Texas law mandates the elements of Plaintiffs' defect allegations be proven through expert testimony.

**C.    Plaintiffs' claims must be dismissed for lack of requisite expert testimony.**

Under Texas law, a plaintiff is required to provide admissible expert testimony to prove a defect existed in the Kia Soul.[7] Expert testimony is necessary when the alleged defect falls outside the experience of the ordinary person.[8] Texas courts routinely require expert testimony in product liability cases involving mechanical systems and designs.[9] Furthermore, in recent

---

[5] Tex. Civ. Prac. & Rem. Code § 82.001(2).

[6] *See, e.g.*, Dkt. 47. While it is undisputed that Plaintiffs have not pursued the alleged manufacturing defect claim, the Texas Supreme Court has specifically stated that expert testimony is also required to support a manufacturing defect claim. *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 41-43 (Tex. 2007) ("Requiring proof of a deviation from manufacturer specifications or planned output also comports with our recognition that expert testimony is generally encouraged if not required to establish a products liability claim.").

[7] *See, e.g., Hyundai Motor Co. v. Chandler*, 882 S.W.2d 606, 613 (Tex. App.—Corpus Christi 1994, writ denied).

[8] *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982); *Praytor v. Ford Motor Co.*, 97 S.W.3d 237, 241 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 119 (Tex. 1996)) ("[I]f [g]eneral experience and common sense do not enable a fair understanding of causation under these circumstances . . . expert testimony is required.").

[9] *See, e.g., Fitzgerald v. Caterpillar Tractor Co.*, 683 S.W.2d 162, 163-64 (Tex. App.—Fort Worth 1985, writ ref'd n.r.e.) (finding plaintiff's lay testimony insufficient to "raise a fact issue as to the design, material or manufacture of a complicated piece of machinery such as a forklift").

years, the Texas Supreme Court has repeatedly and specifically held that expert testimony is required to prove the essential elements of an automotive products liability claim.[10]

It is undisputed that Plaintiffs have designated only one liability expert, Jerry Wallingford.[11] Defendants timely moved to exclude all opinions held by Jerry Wallingford.[12] On May 27, 2015, the Court granted, in part, Defendants' Motion to Exclude Testimony of Jerry Wallingford.[13] The Court held a pretrial conference on June 1, 2015, and heard arguments from both parties on the Motion to Exclude Jerry Wallingford.[14] After the conference, the Court, having considered the motion, the response, the reply, the records, applicable authorities, and the discussion had during the pretrial conference, found that the remainder of Defendants' Motion to Exclude Plaintiffs' Expert Jerry Wallingford should be granted.[15] With no expert testimony to address the alleged automotive product liability claims, Plaintiffs cannot establish that a genuine issue of material fact exists regarding their claims.  Plaintiffs concede that trial of their case would be futile without expert testimony.[16] Defendants are, therefore, entitled to summary judgment on all of Plaintiffs' claims against Defendants.

---

[10] See, e.g., Ledesma, 242 S.W.3d at 42-43 ("Requiring proof of a deviation from manufacturer specifications or planned output also comports with our recognition that expert testimony is generally encouraged if not required to establish a products liability claim.  If juries were generally free to infer a product defect and injury causation from an accident or product failure alone, without any proof of the specific deviation from design that caused the accident, expert testimony would hardly seem essential. Yet we have repeatedly said otherwise."); Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 583 (Tex. 2006) (holding that expert testimony was required to establish causation in products liability case because "[a] lay juror's general experience and common knowledge do not extend to whether design defects such as those alleged in this case caused releases of diesel fuel during a rollover accident"); Nissan Motor Co. v. Armstrong, 145 S.W.3d 131, 137 (Tex. 2004) ("[W]e have consistently required competent expert testimony and objective proof that a defect caused the acceleration . . . These requirements are not peculiar to unintended acceleration cases.").
[11] See Dkt. Nos. 65, 85, 86, 87, 88, 92, 93, 94, 95, 102, 104, 105, 107, 110.
[12] See Dkt. No. 87.
[13] See Dkt. No. 105.
[14] See Dkt. No. 109.
[15] See Dkt. No. 110.
[16] See Dkt. No. 111. Defendants' Unopposed Motion for Leave to File Motion to File Motion for Summary Judgment on All Claims and All Issues will be filed concurrently herewith. The document number is presumed to be 111.

## <u>CONCLUSION</u>

For reasons stated above, Defendants respectfully request that this Court grant Defendants' Motion for Summary Judgment on All Claims and All Issues. Defendants further request that this Court grant them any and all other relief, at law or in equity, to which they may be justly entitled and that all recoverable costs be taxed against Plaintiffs.

Respectfully submitted,

**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**CARY A. SLOBIN**
State Bar No. 00797445
cary.slobin@bowmanandbrooke.com
**TANYA B. SCARBROUGH**
State Bar No.  24049268
tanya.scarbrough@bowmanandbrooke.com
**AMANDA R. MCKINZIE**
State Bar No. 24088028
amanda.mckinzie@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
2501 North Harwood, Suite 1700
Dallas, Texas  75201
Telephone:     (972) 616-1700
Facsimile:      (972) 616-1701
**DAVID R. KELLY, admitted *pro hac vice***
State Bar No. 0054665
david.kelly@bowmanandbrooke.com
**BOWMAN AND BROOKE, LLP**
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Telephone:     (612) 339-8682
Facsimile:      (612) 672-3200

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this day of June, 2015.