

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 0 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| HENRY LEE SIMS, JR., *et al* | § § § | |
| *Plaintiffs,* | § § | |
| VS. | § § | CASE NO. 4:14-cv-00045-A |
| KIA MOTORS AMERICA, INC., and KIA MOTORS CORPORATION | § § § | |
| *Defendants.* | § § | |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION AND BRIEF IN SUPPORT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Summary Judgment in favor of Defendants on all claims and issues is appropriate. The issue before the Court is not "were Plaintiffs' experts properly limited (McCort) or excluded (Wallingford)." Instead, the issue is "is there a genuine dispute of material fact" and if not, summary judgment shall be granted.[1] Plaintiffs agree Texas law requires Plaintiffs to offer expert testimony to carry the burden of proof applicable to their claims and absent expert testimony, summary judgment would be appropriate.[2] Plaintiffs also understand the Court has limited Plaintiffs' accident reconstruction expert from opining that the fuel-tank moved downward in the crash and fully excluded Plaintiffs' liability expert.[3] Thus, there is no evidence to support essential elements of Plaintiffs' claims and summary judgment must be granted.[4]

Indeed, in responding to Defendants' Motion for Summary Judgment on All Claims and Issues, Plaintiffs' merely "reargue" issues already presented and ruled upon by the Court.[5]

---

[1] Fed. R. Civ. P. 56(a); *see also* Dkt. No. 115.
[2] *See* Dkt. No. 116, Pg. 5.
[3] *See* Dkt. Nos. 104, 105, 110, and 116.
[4] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).
[5] *See* Dkt. Nos. 86, 87, 92, 94, 104, 105, 110, and 116.

Plaintiffs cite no authority supporting, or requiring, this Court to alter its prior rulings on motions to limit or exclude expert testimony in an effort to bypass summary judgment,[6] nor are Defendants aware of any authority. Even if the Court were to consider altering its prior findings with regard to the limitations and exclusions of Plaintiffs' experts, Plaintiffs still have no evidence or reliable bases for the limited and excluded expert opinions rendered satisfying the requirements of Federal Rule of Evidence 702 (a)-(d), the Texas Civil Practice & Remedies Code Section 82.005.

> 1. **McCort's downward-tank displacement is not the product of a scientifically reliable method and Plaintiffs' assertion that it is does not create a fact issue.**

In light of Defendants' Motion to Limit the Testimony of Michael McCort and Brief and Support,[7] and the related Court order limiting his testimony,[8] Plaintiffs erroneously assert "undisputed evidence in the record is that Mr. McCort performed his accident reconstruction in this case in accordance with the appropriate scientific methodologies applicable to accident reconstructions."[9] Defendants maintain that McCort's downward-tank displacement opinions fail under Rule 702 and the framework set forth in *Daubert* and its progeny for all the reasons set forth in Defendants' Motion to Limit Testimony of Plaintiffs' Expert Michael McCort, the supporting evidence referenced in the Motion, and the related Court order[10] limiting McCort's testimony based on a finding that his theory was "unreliable, and thus, inadmissible for the lack of reliance on sufficient facts or reliable underlying data, and do not satisfy any of the standards set forth in parts (a) – (d) of Rule 702."[11]

---

[6] *See* Dkt. No. 116.
[7] *See* Dkt. No. 85.
[8] *See* Dkt. No. 104.
[9] *See* Dkt. No. 116, Pg. 2.
[10] *See* Dkt. Nos. 85, 86, and 104.
[11] *See* Dkt. No 104.

Plaintiffs' have not demonstrated how they can defeat Defendants' Motion for Summary Judgment through McCort. Indeed, the arguments raised and supporting evidence were previously presented to the Court with Plaintiffs' Opposition and Brief in Support to Defendants' Motion to Limit the Testimony of Michael McCort.[12] Further, to the extent Plaintiffs seek to establish facts using the "downward-tank displacement theory" or other cited testimony of McCort to defeat summary judgment, the expert's testimony must still meet the requirements for admissibility under Federal Rule of Evidence 702.[13] The Court has already engaged in the requisite gatekeeping analysis and ruled that the downward tank-displacement theory does not.[14] Plaintiffs advanced no new evidence supporting an alternate decision that this testimony is based on sufficient facts or data, that it is the product of reliable principals and methods, and that McCort has reliably applied the principles and methods to the facts of this case.[15] Thus, the Court's ruling limiting McCort's should stand.

2. **Plaintiffs' conclusory assertions of what Wallingford's testimony would show if he were permitted to proceed to the jury are insufficient to create a genuine issue of material fact.**

Plaintiffs boldly proclaim "[i]f permitted to testify at trial, Mr. Wallingford would supply evidence establishing each of the elements of Plaintiffs' claims."[16] Of significance, Plaintiffs have failed to set out the elements of their claims and related evidence that Wallingford can and will supply to establish "each of the elements of Plaintiffs' claims."[17] Conclusory allegations, unsubstantiated assertions, and legalistic argumentation are no substitute for specific facts

---

[12] See Dkt. Nos. 92 and 93 and compare to Dkt. Nos. 116 and 117.
[13] See *City of Chanute v. Williams Nat. Gas Co.*, 743 F.Supp. 1437, 1444 (D. Kan. 1990), *aff'd*, 955 F.2d 641 (10th Cir. 1992).
[14] See Dkt. No. 104.
[15] See Dkt. No. 116, Pgs. 1-3.
[16] See Dkt. No. 116, Pg. 4.
[17] See Dkt. No. 116, Pgs. 4-5.

showing a genuine dispute of material fact.[18] The Court has appropriately excluded Wallingford as an expert in this case and discussed in particular the problem of Wallingford's reliance upon an unreliable foundation (McCort's downward-tank displacement theory) and his inability to meet the qualification or reliability requirements of Rule 702.[19] No new evidence is presented for the Court to rule otherwise or which creates a genuine issue of material fact.[20]

Plaintiffs have no evidence to support essential elements of Plaintiffs' claims and thus, summary judgment is appropriate. In this products liability action *the burden is on Plaintiffs* to prove that there was a safer alternative design.[21] A "safer alternative design" means a product design, other than the one actually used that in reasonable probability, (1)(a) *would have prevented or significantly reduced the risk of the claimant's personal injury or death* (b) without substantially impairing the product's utility; and (2)(a) was economically and (b) technologically feasible (c) at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge.[22] If Plaintiffs fail to demonstrate *any* of these elements of a safer alternative design, their design defect claim must fail.

a. <u>Plaintiffs' case necessitates the downward-tank displacement theory.</u>

Plaintiffs now argue that a few of Wallingford's opinions do not require or rely upon the downward-tank displacement theory.[23] But without the downward-tank displacement theory Plaintiffs have no case *i.e.*, no defect necessitating a safer alternative design. Wallingford has admitted that he is relying on McCort and this admission has not been controverted by

---

[18] *See TIG Ins. V. Sedgwick James,* 276 F.3d 754, 759 (5th Cir. 2002).
[19] *See* Dkt. Nos. 105 and 110.
[20] *See* Dkt. Nos. 116 and 117.
[21] Tex. R. Civ. P. § 82.005(a).
[22] Tex. R. Civ. P. § 82.005(b).
[23] *See* Dkt. No. 116, Pgs. 4-5.

Plaintiffs.[24] Unquestionably, McCort believes that for the fuel tank to be in a position to hit the Yield sign post base one of two things must have occurred.[25] He presents two possible scenarios: (1) either the entire vehicle lost ground clearance during the crash; or (2) the fuel tank itself was deformed downward as part of the crash sequence.[26] McCort, "after reviewing all available evidence," "concluded that the body of the Kia Soul could not have dropped sufficiently to allow the fuel tank of the vehicle to be in a position to make contact with the 'Yield' sign base."[27] In other words, McCort's opinion is that the vehicle did not lose sufficient ground clearance to allow the fuel tank to reach the Yield sign base.[28] Thus, "raising the fuel tank" to a higher position as suggested by Wallingford, though unsupported, with the use of straps or otherwise would not change the outcome of this case absent the downward tank displacement theory. It logically follows that without the downward tank-displacement theory, Plaintiffs lack the requisite evidence to establishing each of the elements of Plaintiffs' claims. Namely, Plaintiffs' cannot demonstrate that a fuel tank with more ground clearance would have prevented or significantly reduced the risk of the claimant's personal injury in this case.[29]

b. Plaintiffs have no evidence of the existence of a safer alternative design.

Plaintiffs' wholly fail to set forth any evidence, let alone admissible evidence, demonstrating the existence of a safer alternative design.[30] The Court has already heard the "ground clearance" argument which is wholly based upon the use of straps,[31] considered

---

[24] See Dkt. No. 107, Pgs. 1-3.
[25] See Dkt. No. 116, Pgs. 1-3.
[26] See Dkt. No. 116, Pgs. 1-3.
[27] See Dkt. No. 116, Pgs. 1-3.
[28] See Dkt. No. 116, Pgs. 1-3.
[29] Tex. R. Civ. P. § 82.005(b).
[30] See Dkt. Nos. 116 and 117.
[31] See Dkt. No. 116, Pg. 4, According to Plaintiffs and Wallingford, "Wallingford has opined that the use of fuel tank straps would have necessarily have increased the amount of ground clearance for the subject Kia Soul between 2 ¼ inches without modifications and up to 3 ¾ inches with minor modifications."

Plaintiffs' evidence and ruled to exclude it.[32] This Court specifically ruled that "Wallingford's proffered expert opinions and related testimony regarding the fuel tank straps and fuel tank shield are unreliable and thus, inadmissible for lack of reliance on sufficient facts or reliable underlying data, and do not satisfy the standards set forth in parts (a) – (d) of Rule 702 of the Federal Rules of Evidence."[33] Plaintiffs still have not shown, through requisite reliable expert testimony, that raising the ground clearance of the fuel tank is necessary or feasible.[34] No new supporting evidence has been presented by Plaintiffs.[35] Indeed, Plaintiffs' merely reargue their position set forth in Plaintiffs' Response in Opposition to Defendants' Motion to Exclude Testimony of Plaintiffs' Expert Jerry Wallingford,[36] all of which was sufficiently addressed by Defendants[37] and ruled upon by the Court.[38] No alternative design has been presented, tested, or demonstrated to be a safer alternative design.[39]

Plaintiffs continue to merely state that "use of a fuel tank shield" would have prevented the fuel tank from rupturing.[40] The Court has also already heard and ruled upon this issue.[41] Defendants have already sufficient addressed this issue[42] and again, Plaintiffs fail to demonstrate, through reliable facts and data, a specific shield design, material specifications, the forces needed to withstand a rupture in this case, feasibility, and that this unspecified shield would have

---

[32] *See* Dkt. Nos. 87, 88, 92, 107, and 110.
[33] *See* Dkt. No. 110.
[34] *See* Dkt. No. 116, Pgs. 4-5.
[35] See Dkt. Nos. 116 and 117 and compare with Dkt. Nos. 94 and 102.
[36] *See* Dkt. No. 94.
[37] *See* Dkt. Nos. 87, 88, and 107.
[38] *See* Dkt. Nos. 105 and 110.
[39] *See* Dkt. No. 116.
[40] *See* Dkt. No. 116, Pgs. 4-5.
[41] *See* Dkt. Nos. 87, 88, 92, 105, and 110.
[42] *See* Dkt. Nos. 87, 88, 105, 107, and 110.

prevented or significantly reduced the risk of the claimant's personal injury or death.[43]  Merely opining that a shield "would have absorbed and redirected the energy" without any bases is the exact issue the Court considered when moving to exclude Wallingford.[44]

c. <u>Plaintiffs offer nothing new to the Court for consideration.</u>

To the extent Plaintiffs seek to establish facts to defeat summary judgment using the cited testimony or a declaration of Wallingford, the expert's testimony must still meet the requirements for admissibility under Federal Rule of Evidence 702.[45]  This Court has already considered the evidence tendered by Plaintiffs and by excluding Wallingford, has determined that it does not.[46]  Further, for the reasons set forth in Defendants' Reply to Plaintiffs' Response to Kia's Motion to Exclude Testimony of Plaintiffs' Expert Jerry Wallingford, Defendants' continue to object to Wallingford's conclusory declaration.[47]

## CONCLUSION

Plaintiffs have not and cannot meet their burden by establishing a genuine issue of material fact.  Namely, Plaintiffs cannot and have not controverted their lack of evidence to establish necessary elements of their claims.  Plaintiffs' seem to ask the Court to "rerule" on previously decided expert issues impacting the Court's gatekeeping role but proffer no authority or basis for the Court to alter its rulings limiting the testimony of Plaintiffs' accident reconstructionist and excluding the testimony of Plaintiffs' liability expert.  Plaintiffs continue to tender unsupported conclusions and bold claims without requisite support.  For reasons stated herein, Defendants respectfully request that this Court grant Defendants' Motion for Summary

---

[43] See Dkt. Nos. 87, 88, 105, 107, and 110.
[44] See Dkt. Nos. 87, 88, 105, 107, and 110.
[45] See *City of Chanute v. Williams Nat. Gas Co.*, 743 F.Supp. 1437, 1444 (D. Kan. 1990), *aff'd*, 955 F.2d 641 (10th Cir. 1992).
[46] See Dkt. Nos. 94, 102, 105 and 110.
[47] See Dkt. No. 107, Pgs. 8-9.

Judgment on All Claims and All Issues. Defendants further request that this Court grant them any and all other relief, at law or in equity, to which they may be justly entitled and that all recoverable costs be taxed against Plaintiffs.

Respectfully submitted,

_/s/ Tanya B. Scarbrough_
**KURT C. KERN**
State Bar No. 11334600
kurt.kern@bowmanandbrooke.com
**CARY A. SLOBIN**
State Bar No. 00797445
cary.slobin@bowmanandbrooke.com
**TANYA B. SCARBROUGH**
State Bar No. 24049268
tanya.scarbrough@bowmanandbrooke.com
**AMANDA R. MCKINZIE**
State Bar No. 24088028
amanda.mckinzie@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
2501 North Harwood, Suite 1700
Dallas, Texas 75201
Telephone:   (972) 616-1700
Facsimile:   (972) 616-1701
**DAVID R. KELLY, admitted *pro hac vice***
State Bar No. 0054665
david.kelly@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Telephone:   (612) 339-8682
Facsimile:   (612) 672-3200

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 10th day of June, 2015.

_/s/ Tanya B. Scarbrough_